UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN D. ACKERMAN, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, <br><br> Defendant. | CASE NO. 13-cv-05914 BHS <br><br> REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT <br><br> Noting Date: August 15, 2014 |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed (*see* Dkt. Nos. 14, 15, 16).

After considering and reviewing the record, the Court finds that the ALJ erred in rejecting the medical opinion of consultative examining physician David Ramsthel, MD, who opined that plaintiff could sit for no more than three hours, stand for no more than

three hours, and walk for no more than two hours in an eight-hour work day.  This error is significant because these limitations are more restrictive than the limitations determined by the ALJ, and the record is silent as to the impact of these limitations on the occupational base for light work.  This is particularly important because, if limited to sedentary work, plaintiff could be found disabled under the Act.

## BACKGROUND

Plaintiff, JOHN ACKERMAN, was born in 1961 and was 39 years old on the alleged date of disability onset of April 1, 2000, and 50 years old on the date of the ALJ decision (*see* Tr. 8-26, 169-74).  Plaintiff graduated from high school (Tr. 38) and completed a union apprenticeship program in carpentry (Tr. 194).  He has work experience as a carpenter and handyman (Tr. 197-203).

According to the ALJ, plaintiff has at least the severe impairments of "alcohol abuse; history of left hip injury and fusion; history of left arm injury; and history of jaw fracture (20 CFR 404.1520(c) and 416.920(c))" (Tr. 13).

At the time of the hearing, plaintiff was living alone in a house (Tr. 36-37).

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration (*see* Tr. 75-77, 78-79, 169-74). Plaintiff's requested hearing was held before Administrative Law Judge Rudy (Rudolph) M. Murgo ("the ALJ") on

1  July 26, 2011 (*see* Tr. 30-69). On January 25, 2012, the ALJ issued a written decision in

2  which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security

3  Act (*see* Tr.8-26).

4       On August 12, 2013, the Appeals Council denied plaintiff's request for review,

5  making the written decision by the ALJ the final agency decision subject to judicial

6  review (Tr. 1-6).  *See* 20 C.F.R. §§ 404.981, 416.1481.  Plaintiff filed a complaint in this

7  Court seeking judicial review of the ALJ's written decision in October, 2013 (*see* Dkt.

8  Nos. 1, 3).  Defendant filed the sealed administrative record regarding this matter ("Tr.")

9  on February 3, 2014 (*see* Dkt. Nos. 9, 10).

10       In plaintiff's Opening Brief, plaintiff raises the following issues:  (1) Whether or

11  not the ALJ properly considered the opinion of examining physician David Ramsthel,

12  MD; (2) Whether or not the ALJ properly considered the opinions of examining

13  psychologists, Maria Malcolm, PhD; and (3) Whether or not the ALJ met his burden of

14  production at step five of the sequential evaluation process (*see* Dkt. No. 14, p. 1).

## STANDARD OF REVIEW

     Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

//

## DISCUSSION

**(1) Whether or not the ALJ properly considered the opinion of examining physician David Ramsthel, MD.**

Plaintiff argues that the ALJ erred by failing to properly consider the uncontroverted opinion of consultative examining physician David Ramsthel, MD (*see* Tr. 389-400). Dkt. No. 14, pp 13-16. Specifically, plaintiff argues that the ALJ gave insufficient reasons to reject Dr. Ramsthel's opinion that plaintiff could sit for no more than three hours, stand for no more than three hours, and walk for no more than two hours of an eight-hour work day[1] (*see* Tr. 393, 395). Instead, the ALJ determined plaintiff had the residual functional capacity ("RFC") to sit for three hours, and to stand and walk about six hours in an eight-hour workday with a sit/stand option (Tr. 14-15). Plaintiff argues this error is harmful because the hypothetical questions posed to the vocational expert ("VE") did not fully encompass Dr. Ramsthel's limitations, and therefore, there is no evidence in the record that plaintiff could perform the occupations relied on by the ALJ at step five of the sequential evaluation to find plaintiff not disabled (*see* Tr. 59- 61).

The ALJ purported to give significant weight to the medical opinion of Dr. Ramsthel (*see* Tr. 18). The ALJ gave one reason to reject the sitting limitations opined

---

[1] Notably, Dr. Ramsthel provided two opinions regarding plaintiff's ability to walk and stand (*compare* Tr. 393 *with* Tr. 394-99). In his narrative report, Dr. Ramsthel opined that plaintiff "could be on his feet walking or standing for a little less than one hour at a time, translating into about 3 hours out of an 8-hour day (Tr. 393)." Whereas, on a check-box form Dr. Ramsthel indicated plaintiff could stand for three hours, and walk for two hours of an eight-hour work day translating into five total hours of standing and walking (Tr. 395). Either way, it is more restrictive than the hypothetical posed to the VE.

by Dr. Ramsthel, stating that "the record does not support finding [plaintiff] has such significant sitting limitations (Tr. 18)." The ALJ offered no reason to reject the standing and walking limitations opined by Dr. Ramsthel (Tr. 18). Defendant, however, argues that the ALJ did not have to provide any reason to reject Dr. Ramsthel's opinion because the option to sit/stand at will, which was included in the RFC finding and vocational hypothetical, reasonably accommodated all of the sitting, standing and walking limitations opined by Dr. Ramsthel. This Court disagrees.

    As noted previously, the ALJ offered no reason to reject Dr. Ramsthel's opinion regarding plaintiff's standing and walking limitations. The Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores,* 49 F.3d at 571. As plaintiff argues, the opinion of Dr. Ramsthel is significant because it contained limitations that may have altered the ALJ's ultimate nondisability finding. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)). Here, the ALJ limited plaintiff to less than a full range of light work activities and, based on this RFC, found plaintiff not disabled under the Act (*see* Tr. 14-22). The limitations opined by Dr. Ramsthel were, however, more restrictive than those determined by the ALJ and may have further reduced or eliminated the occupational base for light work justifying finding of disabled. *See* Social Security Ruling ("SSR") 83-12, 1983 WL 31253 *2-*4. This is particularly significant in

a case such as this where plaintiff would be disabled under the Act if he were limited to sedentary work activities and had no transferrable skills (*see* Tr. 67). *See* 20 C.F.R. 404, Subpart P, Appendix 2 § 201.14.

According to the Commissioner, "light work … requires a good deal of walking or standing, or [] it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b). To be capable of performing a full range of light work, a claimant must have the ability to perform substantially all of these activities. *Id*. The limitations opined by Dr. Ramsthel are inconsistent with the ability to perform a full range of light work activities (*see* Tr. 393, 395). Moreover, the ALJ's determination that plaintiff is limited to:

- standing/walking six out of eight hours and
- sitting six out of eight hours with the option to
- sit/stand at will,

is less restrictive than Dr. Ramsthel's opinion that plaintiff is limited to:

- standing three out of eight hours,
- walking two out of eight hours, and
- sitting three out of eight hours.

The vocational hypothetical posed by the ALJ limited the individual to being on their feet (standing and/or walking) for a total of six hours in an eight-hour work day (Tr. 59, 61). Whereas, Dr. Ramsthel limited plaintiff to being on his feet (standing and walking) no more than five hours in an eight-hour work day (*see* Tr. 393, 395). As plaintiff argues,

the record is silent as to whether the occupations identified by the ALJ to find plaintiff not disabled under the Act could accommodate this additional standing and walking limitation. *See also* SSR 83-12, 1983 WL 31253 *2, *4 (directing that where the extent of the erosion of the occupational base is unclear, or where a sit/stand option is included, a vocational resource should be consulted to clarify the implications for the occupational base).

Additionally, Dr. Ramsthel's opinion is probative because it is the only medical opinion in the record regarding plaintiff's physical limitations and because Dr. Ramsthel's findings were based on the results of objective testing, including diagnostic imaging, as well as Dr. Ramsthel's own clinical observations (*see* Tr. 389-99). For example, plaintiff's hip x-ray showed bony fusion of the left hip with severe osteopenia (*see* Tr. 380, 389). Range of motion testing revealed that plaintiff's "left hip appears to be frozen, with no range of motion, essentially. It remains flexed in about a 45' position (Tr. 391)." Dr. Ramsthel also found that plaintiff's left leg was shorter than his right and that plaintiff's left leg measured smaller than his right leg both above and below the knee (*see* Tr. 391).

Additionally, the lone reason offered by the ALJ to reject Dr. Ramsthel's opinion—that the sitting limitation opined by Dr. Ramsthel was not supported by the record—is not a clear and convincing reason supported by substantial evidence sufficient

to reject the uncontroverted opinion of an examining physician.[2] *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)).  An ALJ may reject the opinion of an examining physician by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  Here, however, the ALJ failed to offer any summary of the conflicting medical or testimonial evidence or any explanation of how the sitting limitations opined by Dr. Ramsthel lacked record support.  This omission is particularly significant in a case such as this where the medical evidence regarding plaintiff's physical impairments consists almost entirely of Dr. Ramsthel's examination.  As such, the rational offered by the ALJ to reject Dr. Ramsthel's opinion was legally insufficient.  *See id*.

For these reasons, the ALJ failed to provide clear and convincing reasons supported by substantial evidence to reject the uncontroverted medical opinion of Dr. Ramsthel. *See Lester*, 81 F.3d at 830.  As such, the Court recommends that this matter be reversed and remanded for further administrative proceedings to reassess the medical opinion of Dr. Ramsthel, and, as necessary, further development of the vocational record.

---

[2] The parties agree that Dr. Ramsthel's medical opinion was uncontroverted and, for this reason, the ALJ was required to provide "clear and convincing" reasons supported by substantial evidence to properly reject Dr. Ramsthel's testimony. Dkt. No. 14, p. 14; Dkt. No. 15, p. 5; s*ee Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990));

(3) **Whether or not the ALJ met his burden of production at step five of the sequential evaluation process**

Plaintiff also argues that the ALJ failed to meet his burden at step five of the sequential disability evaluation process (*see* Tr. 21-22). Dkt. No. 14, pp 20-25. Among other errors, plaintiff argues that the ALJ failed to prove that the occupations of storage rental clerk, survey worker, and cashier II, which were relied on by the ALJ to find plaintiff not disabled, exist in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.1560(c), 416.960(c). Specifically, plaintiff argues that the job numbers provided by the VE were not reliable because they represented the number of jobs in "occupational clusters" or groups and not the number of jobs for the specific occupations relied on by the ALJ (*see* Tr. 22, 58-64).

Plaintiff also argues that the ALJ erred by failing to affirmatively ask the VE whether her testimony regarding an individual's ability to sit/stand at will while performing the occupations of storage rental clerk, survey worker, and cashier II conflicted with the information in the Dictionary of Occupational Titles, as required by SSR 00-4p (*see* Tr. 56). *See* SSR 00-4p, 2000 WL 1898704.

Because the Court has already recommended that this matter be reversed and remanded due to the ALJ's improper analysis of the medical opinion of Dr. Ramsthel, the Court need not decide these issues. However, following remand of this matter, the ALJ should develop the record further regarding the "occupational clusters" as this term was not fully defined in testimony and may or may not be consistent with the numbers of jobs available for the proffered occupations. The ALJ should also inquire regarding the

evidentiary basis of the VE's testimony concerning an individual's ability to sit or stand at will while performing the proffered occupations.

## CONCLUSION

The ALJ erred in rejecting the medical opinion of examining physician David Ramsthel, MD, who opined plaintiff could sit for no more than three hours, stand for no more than three hours, and walk for no more than two hours in an eight-hour work day. This error is significant because these limitations are more restrictive then the ALJ's findings and could support a determination of disabled.

Based on these reasons, and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration. **JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on August 15, 2014, as noted in the caption.

Dated this 18th day of July, 2014.

J. Richard Creatura
United States Magistrate Judge